UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MATTHEWS GASKINS** | **CASE NO. 2:22-CV-04414** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment Filed by Defendants State Farm Fire and Casualty Company, State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company on the Issue of Res Judicata" (Doc. 24).

## FACTUAL STATEMENT

On July 18, 2022, counsel for Plaintiff, Cameron Snowden, of McClenny Moseley & Associates, PLLC settled claims concerning Hurricanes Laura and Delta, and Tropical Strom Beta, as well as the ice storm of February 2021 and the flooding of May 2021, on behalf of Plaintiff, Matthews Gaskin, and his insurer State Farm Fire and Casualty Company ("State Farm").

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Here, State Farm asserts that the claims that are the subject of this lawsuit were settled long before this lawsuit was filed, therefore the doctrine of res judicata mandates that this lawsuit be dismissed. To support its defense, State Farm submits as summary

judgment evidence a copy of the settlement agreement between the parties allegedly executed on July 18, 2022.[1] The settlement agreement also notes that it was notarized by Annette G. Moreaux on that same date.[2] State Farm also submits the Affidavit of Ms. Moreaux that expressly declares that "[o]n July 18, 2022, Mr. Matthews Gaskins, Jr. appeared before me to execute a Receipt, Release, Indemnity and Confidentiality Agreement."[3]

>In response, Plaintiff submits his own Affidavit that provides the following:
>
>3.   On Sunday July 17, 2022, I arrived at work and on Monday July 18, 2022, and began operating a commercial fishing vessel in the Gulf of Mexico for the remainder of the work.
>
>4.   On July 18, 2022, I did not appear before Annette G. Moreaux to execute the alleged Receipt, Release, Indemnity and Confidentiality Agreement as I was operating a commercial fishing vessel in the Gulf of Mexico.
>
>5.   McClenny Moseley & Associates PLLC attorney Cameron Snowden did not inform me of any pending settlement, nor did he inform me a settlement had been reached.[4]

Plaintiff also submits the Affidavit of Katherine Gremillion, an employee of Omega Protein, who attests that she is familiar with the business records of Omega

---

[1] Defendant's exhibit A-2. Doc. 24-4.
[2] Defendant's exhibit, Doc. 24-5.
[3] Defendant's exhibit, Doc. 24-6.
[4] Plaintiff's exhibit, Doc. 32-2.

Protein, Plaintiff's employer. Plaintiff submits the business records of his employer, which indicates that Plaintiff arrived at work in the Gulf of Mexico on July 17, 2022. Thus, Plaintiff argues that there is a genuine issue of material fact for trial as to whether Plaintiff, Matthews Gaskins, Jr. executed the notarized settlement agreement on July 18, 2022.

The Court finds that Plaintiff has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether Cameron Snowden had authorization to settle Plaintiff's claims, and whether or not, Plaintiff, Matthews Gaskins, Jr. executed the notarized settlement agreement on July 18, 2022.

## CONCLUSION

For the reasons explained herein, the Court will deny State Farm's Motion for Summary Judgment.

**THUS DONE AND SIGNED** in Chambers on this 31st day of January, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**