UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MATTHEWS GASKINS** | **CASE NO. 2:22-CV-04414** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**O R D E R**

Now before this Court is a MOTION TO APPOINT REPRESENTATIVE OF THE ESTATE OF MATTHEW GASKINS, JR. (Rec. Doc. 48) and a MOTION TO SUBSTITUTE PARTY (Rec. Doc. 49) filed on behalf of Plaintiff Matthew Gaskins. The first motion discloses that Gaskins died on or about October 16, 2024, alleges that Sasha Gaskins is "one of the surviving children of Matthew Gaskins, Jr." and asks that Sasha Gaskins "be recognized as universal legatee and representative of the Estate of Matthew Gaskins, Jr., solely for the purposes of being substituted as the proper Plaintiff in the above-captioned matter." (Rec. Doc. 48 at 1). Attached to this motion is a Certificate of Service, asserting that service was made on all counsel of record via CM/ECF, and a Certificate of Consent, asserting that defendant State Farm Fire & Casualty Company has no objection to the motion. (Rec. Docs. 48, 48-1). The second motion requests substitution of Sasha Gaskins as plaintiff and contains identical allegations of death, relationship to Gaskins, and service. (Rec. Docs. 49, 49-1).

Rule 25 of the Federal Rules of Civil Procedure governs what becomes of claims filed by or against a party who dies during the pendency of a case. Where a claim is not extinguished upon the death of a party, Rule 25(a)(1) provides that the court may order substitution of the proper party within 90 days of the filing of a notice of death. The motion for substitution may be made "by any party or by the decedent's successor or

representative." Rule 25(a)(3) requires that a "statement noting death" and "the motion to substitute, together with a notice of hearing, must be served upon the parties as provided in Rule 5 and on nonparties as provided in Rule 4."

To the extent that no succession has been opened, Sasha Gaskins may maintain this suit as Gaskins' heir (if he died intestate) or legatee (if he died testate) pursuant to article 801 of the Louisiana Code of Civil Procedure. This Court is unable to determine from the filings at issue whether a succession is yet opened as to Gaskins' estate, or whether he died testate or intestate. Moreover, having admitted that Sasha Gaskins is not the sole surviving heir raises additional questions regarding her status relative to the estate. *Marcano v. Offshore Venezuela*, 497 F. Supp. 204 (E.D. La. 1980) (widow of deceased plaintiff was required to "prove that she is the proper party to be substituted by showing that she holds the status as a legal representative of the decedent's estate").

More troubling is the failure of the motions to allege or demonstrate proper service under Rule 25(a)(3). If the Court construes the Motion to Appoint Representative as a "statement noting death" in this case, service of this "statement noting death" triggers the 90-day period for the filing of a motion to substitute. The undersigned finds, however, that no such trigger under Rule 25(a)(3) has occurred, given the lack of service on nonparties under Rule 4. *Webb v. Town of St. Joseph*, 2016 WL 2726648 (W.D. La. May 9, 2016) (citing *Sampson v. ASC Indus.*, 780 F.3d 679 (5th Cir. 2015)). Noting, again, the alleged existence of other heirs, it would appear that these heirs, if not excluded from legal representation of the estate by succession proceedings, would constitute non-parties to whom service is owed under Rules 4 and 25(a)(3).

For the foregoing reasons, it is hereby

ORDERED that the MOTION TO APPOINT REPRESENTATIVE OF THE ESTATE OF MATTHEW GASKINS, JR. (Rec. Doc. 48) and MOTION TO SUBSTITUTE PARTY (Rec. Doc. 49) are

DENIED without prejudice, reserving the right to seek substitution under Rule 25 as may be appropriate.

SO ORDERED this 21st day of May, 2025 at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**