**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **MATTHEWS GASKINS** | **CASE NO. 2:22-CV-04414** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **STATE FARM FIRE & CASUALTY CO ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**REPORT AND RECOMMENDATION**

Before this Court is a MOTION TO DISMISS FOR FAILURE TO COMPLY WITH RULE 25 filed by Defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company (collectively "State Farm"). [Doc. 76]. The motion is unopposed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, law, and argument, and for the reasons explained below, this Court recommends that State Farm's motion be GRANTED and, accordingly, that this suit be DISMISSED without prejudice pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

**Factual Background**

This suit arises from Hurricanes Laura and Delta, which struck southwestern Louisiana in 2020. The Complaint alleges that Plaintiff Matthews Gaskins is the owner of residential property located in Lake Charles, Louisiana, which sustained damage as a result of these two named storms. Gaskins further alleges that an insurance policy was in effect at the time his property was damaged by each storm but that State Farm failed to timely pay claims for such damages. Gaskins asserts claims for breach of contract and bad faith under Louisiana law. [*Id.* at ¶¶ 21–37].

At the time this suit was filed, Gaskins was represented by the attorneys with the firm of McClenny Moseley & Associates, PLLC ("MMA"). [Doc. 1, generally]. All cases in

which MMA was enrolled were stayed by the Court on October 21, 2022. [Doc. 4]. On March 4, 2023, the Court issued a Memorandum Order suspending MMA from practice before the Western District of Louisiana for a period of 90 days. [Doc. 12]. Substitute counsel was enrolled on August 30, 2023. [Doc. 19].

On May 20, 2025, counsel for Gaskins filed a Motion to Substitute Party, representing that Gaskins had died on October 16, 2024. The motion sought to substitute one of Gaskins' surviving children, Sasha Gaskins, described therein as "representative of the estate of Matthew Gaskins, Jr." [Doc. 49]. The undersigned denied that motion, instructing counsel to comply with the requirements of Rule 25(a)(3) and noting that the record contained insufficient proof that Sasha Gaskins was, in fact, the duly appointed representative of Gaskins' estate. [Doc. 50].

During a telephone status conference held before the undersigned on November 19, 2025, counsel indicated that the state court had recently appointed a legal representative of Gaskins' estate and that he would be filing a new motion to substitute. [Doc. 59]. On December 4, 2025, counsel filed a Suggestion of Death [Doc. 60] pursuant to Rule 25(a)(3) and filed a second Motion to Substitute on December 10, 2025 [Doc. 61]. That second Motion to Substitute represented that Sasha Gaskins had been "appointed by the 14th Judicial District Court to be the Representative of the Estate for the limited purpose of prosecuting the hurricane claim which is the basis of this lawsuit." [*Id.*]. Attached to the motion were copies of a signed state court order and affidavits signed by each of Gaskins' surviving children. [Docs. 61-2, -3]. This Court granted substitution, noting the consent of State Farm, as represented in the motion. [Doc. 62].

On February 16, 2026, State Farm filed a MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO SUBSTITUTE PARTY UNDER RULE 54(B), in which it alleged that the prior motion misrepresented Sasha Gaskin's appointment as duly appointed estate

representative, as well as State Farm's consent to the relief requested. [Doc. 65]. Finally, State Farm asserted that Gaskins' non-party heirs had not been served with the Statement Noting Death, the Motion and Order to Appoint Representative, or the Motion to Substitute Party, as required under Rule 25. [Doc. 65]. The undersigned determined that State Farm's motion was well-founded and, accordingly, granted reconsideration and vacated the prior order granting substitution. [Doc. 70]. Additionally, the undersigned stayed this case for a period of 90 days to permit counsel to fulfill the requirements of Rule 25 and again seek substitution. [*Id.*].

Gaskins' counsel were permitted to withdraw on July 28, 2026. [Doc. 74]. This Court ordered that any motion to substitute be filed on or before October 28, 2026, failing which the undersigned would take up the issue of dismissal for failure to prosecute by *sua sponte* Report and Recommendation. [*Id.*]. On September 3, 2026, State Farm filed the instant motion. [Doc. 76]. This motion was noticed for briefing on September 11, 2026. [Doc. 79]. The Court attempted to provide Sasha Gaskins with copies of its MEMORANDUM RULING AND ORDER of July 28, 2026 and the NOTICE OF MOTION SETTING as to State Farm's Motion to Dismiss, but each of these efforts resulted in unclaimed, returned mail. [*See*, Docs. 80, 81, 82, 83]. No brief in opposition to State Farm's instant motion has been filed.

## **Law and Analysis**

Rule 25(a)(1) instructs that, where a claim is not extinguished upon the death of a party, a motion for substitution must be made within 90 days of service of a suggestion of death, failing which the action must be dismissed. For purposes of Rule 25, service of the suggestion of death must be personally served upon parties pursuant to Rule 5 and non-parties pursuant to Rule 4. Fed. R. Civ. P. 25(a)(3); *Sampson v. ASC Indus.*, 780 F.3d 679, 681–82 (5th Cir. 2015). The 90-day window for the filing of an appropriate motion to

substitute does not begin to run until personal service is made on the duly appointed representative of the deceased party's estate. *Sampson*, 780 F.3d at 682.

Gaskins' claims for breach of contract and bad faith under Louisiana law are heritable claims and were, therefore, not extinguished upon his death. LA. CIV. CODE ANN. arts. 1765, 1984. State Farm's instant motion cites proof that it personally served non-party heirs Matthews Gaskins, III, Travey Taylor, Mattelyn Lee, Sasha Gaskins, and Autumn Gaskins with a suggestion of death and a letter explaining the posture of this case and the requirements of Rule 25. [Doc. 76-1 at p. 2, citing proofs of service at Doc. 72]. The last of these non-party heirs, Autumn Gaskins, was served pursuant to Rule 4(e)(2)(B) on May 27, 2026. [Doc. 72 at p. 22]. Pursuant to Rule 25(a) and Fifth Circuit jurisprudence interpreting that provision, the 90-day period for the filing of any motion for substitution began to run on May 28, 2026 and, accordingly, expired on or about Tuesday, August 25, 2026. No motion for substitution has been filed as of the date of issuance of this Report and Recommendation. Pursuant to Rule 25(a)(1), this suit "must be dismissed."

State Farm's motion seeks, without further support, dismissal with prejudice. [Doc. 76-1 at p. 4]. As recognized by the Middle District of Louisiana in *Smith v. Kinder Morgan GP, LLC*, courts within the Fifth Circuit considering this issue have reached differing conclusions. 2025 WL 3113627, at *2 (M.D. La. July 23, 2025) (internal citations omitted) (citing cases in which dismissal was granted with and without prejudice). As did the Middle District in that case, this Court finds dismissal without prejudice to be the best use of the Court's discretion on this issue and will so recommend.

## **Conclusion**

For the reasons discussed herein, the Court recommends that the MOTION TO DISMISS FOR FAILURE TO COMPLY WITH RULE 25 filed by Defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile

Insurance Company [Doc. 76] be GRANTED and that this matter be DISMISSED without prejudice pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers at Lafayette, Louisiana on this 14th day of October, 2026.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**